Labauve, J.
The defendants, George H. Kirk and Julia A. Kirk, husband and wife, are sued as owners of steamboat Lizzie Simmons, to be made to pay in solido, a note of the following tenor :
“1518 12. Cincinnati, June 26, 1860.”
“Four months after date, we promise to pay to the City Insurance Co. of Cincinnati, or order, five hundred and eighteen dollars and twelve cents, value received, at the office of Brown, Johnston & Co., New Orleans.”
Steamboat Lizzie Simmons,
(Signed) By George H. Kibe:, Captain.”
The District Court rendered judgment in favor of the plaintiffs against the defendants, and the wife alone appealed; and the husband is not before us.
*250 The wife first excepted to the petition on the grounds that plaintiffs liave no capacity to stand in judgment, the petition not alleging that plaintiffs are a corporate body.
That said petition discloses no cause of action against respondent, and does'not allege that said wife is separated in property from her husband, nor that the debt inured to her separate benefit.
The Court overruled the exception.
We believe that the Court ruled correctly. The, note acknowledged ,tha capacity of plaintiffs, who are alleged in the petition to be a corporate body, and to whom the defendants promised to pay. The balance of the exception belonged more properly to the merits.
The wife then filed a general denial of all the facts and,allegations set forth in the petition, and she specially denied that she ever derived any advantage from the transaction set forth in the petition.
The only evidence in the case is the note sued upon, together with the protest; therefore there is no proof of separation of property in the record.
We are clearly of opinion that plaintiffs have failed to make out their case against the wife.
The said George H. Kirk, and his wife, are presumed to be in partner, ship or community of acquests and gains; nothing showing the oontrary, C. C. Art. 2369.
The steamer Lizzie Simmons is presumed to belong to that legal com. munity, (C. C. Arts. 2371, 2374, 11 L. 537,) and the husband may dispose of the same. C. C. Art. 2373. The debt sued upon is presumed to be an obligation of the husband, and the wife cannot be made liable to pay the same under the testimony. C. C. Art. 2412. 4 A. 146. 10 A. 30, 303,
But the plaintiffs contend that the wife, not having denied ownership in the steamboat, admitted that she was part owner, and bound as a commercial partner, and they rely for this admission on the case of Lacoste v. Sellick, et als, 1 A. 336. That case presents several individuals, who owned a steamer, and it seems to us it cannot apply to husband and wife, who are presumed to be partners in community, as regulated by our laws on that subject, and under which the husband alone is the owner of the boat, and the wife cannot be his commercial partner. Squire v. Beldon, 2 L. 269. In that case this Court said: “ The community, or legal partnership, is so inconsistent with the ordinary commercial partnership, that both cannot exist together, and the legal supersedes the commercial.”
. It is therefore ordered, adjudged and decreed, that the judgment of the' District Court be annulled and avoided, as regards the defendant and appellant, Mrs. Julia A. Kirk, and that plaintiffs’ demand against her be rejected with'costs, and that the appellees pay the costs of this appeal.